IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**MICHAEL DEWAYNE MCDANIEL**     **MOVANT**

v.     **No. 4:05CR130-M**

**UNITED STATES OF AMERICA**     **RESPONDENT**

**MEMORANDUM OPINION**

This matter comes before the court on the motion of Michael Dewayne McDaniel to vacate, set aside, or correct the sentence imposed under the court's November 11, 2006, judgment. In that judgment, the movant pled guilty to Count one of the superseding indictment – possession with the intent to distribute in excess of five kilograms of cocaine, in violation of Title 21 U.S.C. § 841(a), (b)(1)(A) and 846. The government responded to the petition, and the court shall consider all claims raised by the movant. For the reasons set forth below, the instant motion to vacate, set aside, or correct McDaniel's sentence shall be denied.

**Facts and Procedural Posture**

The movant, Michael Dewayne McDaniel, was charged in a two count indictment. McDaniel pled guilty to Count one, possession with intent to distribute in excess of five (5) kilograms of cocaine, in violation of Title 21, U.S.C. § 841(a), (b)(1)(A) and 846, on August 24, 2006. Count two, possession with intent to distribute approximately eight kilograms of a mixture and substance containing cocaine, in violation of Title 18, U.S.C., § 2 and Title 21, U.S.C. § 841(a), (b)(1)(A), was dismissed pursuant to a plea agreement. In his guilty plea to Count one, McDaniel admitted helping to arrange the delivery of 8 kilograms of cocaine. (Transcript of Change of Plea, p. 14-19).

McDaniel's total offense level was 29 with a criminal history category of II as determined by the pre-sentence report (PSR). The guidelines range of imprisonment would

typically be 97-121 months; however, McDaniel was sentenced to a term of 120 months due to the statutory, mandatory minimum of 10 years (120 months) applicable under Title 21 U.S.C. § 841(a), (b)(1)(A). McDaniel was sentenced on November 16, 2006, and the judgment was entered on November 20, 2006. No notice of appeal was filed. McDaniel filed his motion under 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence on July 16, 2007.

## McDaniel's Claims Under 28 U.S.C. § 2255

McDaniel bases his claim on two counts, that he received ineffective assistance of counsel and that he was entitled to a minor or minimal role adjustment in his sentence pursuant to United States Sentencing Guidelines § 3B1.2.

Under the ineffective assistance of counsel claim McDaniel alleges:

1. That counsel was ineffective for failing to make a record for the court regarding the extent of his debriefing with government agents.

2. That counsel was ineffective for failing to make a record of how specifically McDaniel had cooperated with the government.

3. That counsel was ineffective for failing to argue for a minor role adjustment when the record demonstrated that McDaniel's role was minor in comparison to the other defendants.

4. That counsel was ineffective for failing to argue for a downward departure based on substantial assistance rendered to the government.

McDaniel's second claim alleges that he was entitled to a two level reduction under the United States Sentencing Commission Guidelines § 3B1.2 which provides:

Based on the defendant's role in the offense, decrease the offense as follows:

(a) If the defendant was a minimal participant in any criminal activity, decrease by 4 levels.

(b) If the defendant was a minor participant in any criminal activity, decrease by 2 levels.

In cases falling between (a) and (b), decrease by 3 levels.

U.S.S.G. § 3B1.2 (2008). McDaniel argues that since his involvement in the conspiracy was as a "drug courier," he qualified for a mitigating role adjustment.

## Ineffective Assistance of Counsel

In order to establish ineffective assistance of counsel, a movant under 28 U.S.C. § 2255 must establish both that his counsel was deficient and that the deficiency resulted in prejudice to his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A failure to establish either prong requires a finding that counsel's performance was constitutionally effective. *Id.* A counsel's performance is deficient if it falls below an objective standard of reasonableness measured by the prevailing professional norms. *Id* at 688. "The reviewing court must strongly presume that counsel provided adequate assistance and that the challenged conduct was the product of reasoned trial strategy." *Pondexter v. Quarterman*, 537 F.3d 511, 519 (5th Cir. 2008).

Prejudice occurs when there "is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. A reasonable probability is "a probability sufficient to undermine confidence in the outcome" and is less than a preponderance of the evidence. *Id.* at 693-94. In order to establish prejudice in a non-capital sentencing proceeding, a movant must establish a reasonable probability that, but for the deficient performance of cousel, the sentence would have been significantly less harsh. *United States v. Seyfert*, 67 F.3d 544, 548-9 (5th Cir. 1995).

## McDaniel Has Not Established Prejudice

Even if the court were to assume that counsel's performance was deficient, movant has failed to show that the alleged deficiencies resulted in prejudice. McDaniel has alleged at least four instances of ineffective assistance of counsel. Claims one, two and four are all substantially the same argument, that counsel was ineffective for failure to argue for a downward departure

-3-

based on cooperation with the government. The government argues that McDaniel has not brought before the court any specific error committed by counsel to establish either prong under *Strickland*. McDaniel has not offered any arguments or authorities regarding the claims that counsel failed to argue for a downward departure based on his cooperation with the government. Therefore, McDaniel's ineffective assistance claims as to counsel's failure to argue for a downward departure based on cooperation with the government are denied.

McDaniel has also failed to establish that counsel's failure to argue for a "minor role adjustment" resulted in prejudice. McDaniel argues that there are several factors that the sentencing court should consider in making a determination of whether a defendant in a drug courier context qualifies for a mitigating role, including the "amount of money to be paid to the courier, equity interest in the drugs, role in planning the criminal scheme, and role in the distribution." *United States v. Rodriguez De Varon*, 175 F.3d 930, 945 (11th Cir.1999).

McDaniel alleges that he was simply a "ride along in the convoy." The movant also asserts that he was never involved in any violence and did not have a managerial or supervisory role within the offense conduct. However, the record reflects that McDaniel admitted to helping arrange the delivery of the cocaine. (Transcript of Change of Plea, p. 14-19). In this case, the record does not reflect the minor role that McDaniel contends. Therefore, McDaniel is not able to establish a reasonable probability that if counsel had argued for a minor role reduction, his sentence would have been different. *Seyfert*, 67 F.3d at 548-9. For this reason, McDaniel's ineffective assistance of counsel claim based on a failure to argue for a minor role reduction is denied.

## The Sentence Imposed by the District Court Was Lawful

A district court's refusal to depart from sentencing guidelines will be upheld unless it was in violation of the law. *United States v. Buenrostro*, 868 F.2d 135, 139 (5th Cir.), *cert*

*denied*, 495 U.S. 923. The broad context of the crime will be taken into consideration when determining whether a defendant's participation was minor or minimal. *Id.* at 137. The Fifth Circuit has recognized that a defendant's status as a "minimal participant" or a "minor participant" is a factual determination to be made by the district court. *United States v. Mejia-Orosco*, 867 F.2d 216, 221 (5th Cir. 1989). When determining the applicability of adjustment, the court is not required to find, based solely on the defendant's bare assertion, that such a role adjustment is warranted. U.S.S.G. § 3B1.2, n.3(C) (2008). A sentence that is not based on facts that are clearly erroneous will be upheld. *Mejia-Orosco*, 867 F.2d at 221. The record reveals that McDaniel helped to arrange the delivery of the drugs. (Transcript of Change of Plea, p. 14-19).

A drug courier is "an indispensable part of drug dealing networks." *Id.* In this case, McDaniel's position as a drug courier does not, as a matter of law, make him a minor participant. The district court's refusal to depart from the guidelines is therefore not in violation of the law and should be upheld.

In conclusion, for the resons set forth above, the motion by Michael Dewayne McDaniel to vacate, set aside, or correct his sentence under 28 U.S.C.§ 2255 shall be denied. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 23rd day of April, 2009.

<u>/s/ MICHAEL P. MILLS</u>
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**